UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ PENSION FUND,
BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP AND SAFETY FUND,

                                                            Plaintiffs,               Civil Action: 18-cv-9223

          -against-                                           COMPLAINT

UG2 LLC,

                                       Defendant.
------------------------------------------------------------------------X

       Building Service 32BJ Health Fund, Building Service 32BJ Pension Fund, and Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund (collectively the "Funds"), as and for their Complaint against UG2 LLC ("Defendant") respectfully allege as follows:

## NATURE OF ACTION

       1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund, training fund, and legal services fund, for contractual, injunctive and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and employee information to the Funds by electronic transfer as per the contractual and statutory requirements. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Funds when due as per the Funds' rules and regulations,

Defendant violated its collective bargaining agreement, the trust agreements of the Funds, and ERISA.

## JURISDICTION

2.        Jurisdiction of this Court is invoked under the following statutes:

(a)        Section 502(e)(1) and (f) of ERISA (29 U.S.C.  § 1132(e)(1) and (f);

(b)        Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

(c)        28 U.S.C. Section 1331 (federal question); and

(d)        28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.        Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C.  § 1132 (e)(2)).  Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C.  § 1132(e)(2)).

## PARTIES

4.        The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and  multi-employer plans within the meaning of Sections 3(37) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds are, *inter alia*, to receive contributions from

employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health, pension, and training benefits to those employees eligible to receive them. The Funds maintain their office and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5.      The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6.      Upon information and belief, at all times material hereto UG2 LLC was and continues to be a Massachusetts for profit corporation having a principal place of business at 116 Huntington Avenue, 12th Floor, Boston, Massachusetts 02116, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7.      Upon information and belief, at all times relevant  Defendant was party to a series of collective bargaining agreements (the "Agreements") with the Union. As part of these Agreements, Defendant agreed to make benefit contributions to the Funds on behalf of employees covered by the Agreements.

8.      As part of the Agreements, Defendant agreed to self-report employee information in the Funds' employer self-service system ("ESS"). This information is uploaded by all contributing employers and is how the Funds determine what benefit contributions are owed.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

9.      The Funds repeat and reallege each allegation set forth in paragraphs 1 through 8 as if fully set forth herein.

10.      Pursuant to the Agreements, there became due and owing to the Funds from Defendant benefit contributions from April 1, 2015 through the date of this filing.

11.      Defendant has fallen delinquent in its contributions owed to the Funds, owed between April 1, 2015 and the date of this filing, although all contributions have been duly demanded and the Funds have been damaged in the amount to be determined.

12.      For the period April 1, 2015 and the date of this filing,  Defendant failed to pay the Funds no less than $93,017.97 in required contributions, in violation of the Agreements.

13.      The failure, refusal or neglect of Defendant to make the required contributions to Plaintiff Funds constitutes a violation of the Agreements between Defendant and the Union with respect to the Funds as third-party beneficiaries.

14.      Accordingly, Defendant is liable to the Funds for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant, liquidated damages, plus interest, the Funds' attorney's fees and court costs incurred in collecting the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA)

15.      The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 14 of this Complaint, as if fully set forth herein.

16.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

17.     Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

18.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to Plaintiffs the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

19.     For the period April 1, 2015 and August 31, 2018, Defendant failed to pay to the Funds no less than $93,017.97 in required contributions, in violation of ERISA.

20.     Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, liquidated damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR INJUNCTIVE RELIEF)

21.     As per the Agreements, Defendant is required to comply with the Funds' rules and regulations, which mandate that employers upload employee information into ESS on an ongoing basis.

22.     Defendant has failed to submit complete hours for employees for the months of February 2015 through the date of this filing. As a result, the Funds are unable to determine the full contributions owed by Defendant. Defendant has reported some employee information, and the above outstanding contributions were calculated based on the information provided. However, the Funds are unable to calculate the unpaid contributions for unreported hours.

23.     Defendant's continued refusal to comply with the Funds can result in the denial of fringe benefits and medical insurance as a consequence.

24.     Defendant will be irreparably harmed if injunctive relief is not provided. The Funds payment system is self-reporting. If Defendant simply refuses to report its employee's hours, it can shirk its obligations under ERISA and the Agreements.

25.     The Funds  seek an order of the Court directing the Defendants to comply with their Agreements with the Union and to immediately comply the Funds' ESS rules and regulation requiring the Defendants to remit the employee information and corresponding payment electronically.

WHEREFORE, plaintiff Funds demand judgment:

a.     against Defendant for payment of all past due contributions to date, in an amount of not less than $93,017.97,

b.     against Defendant for payment of all contributions which become due during the pendency of this action in accordance with ERISA  § 502(g)(2) and the Agreements,

c.     against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA  § 502 (g)(2) and the Agreements,

d.     against Defendant  for statutory damages on all contributions now due and which

accrue during the pendency of this action, liquidated damages, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement;

    e.    for an order directing Defendant to upload all unreported employee hours onto the Funds' electronic system as per the Funds' rules and regulations.

    f. for such other and further relief as the Court deems just and proper.

Dated:    Fort Lee, New Jersey
        October 9, 2018

            RAAB, STURM & GANCHROW, LLP

            By:

            Samuel R. Bloom (SB1988)
            Attorneys for Plaintiffs Funds
            2125 Center Avenue
            Suite 100
            Fort Lee, New Jersey
            (Tel) 201-292-0150
            (Fax) 201-292-0152